IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

       Plaintiff,                    Case No. 03-3046-HO

       v.                             ORDER

SHANNON BROOME, et al.,

       Defendants.

Plaintiff moves for default judgment against defendant Michael Hulme, pursuant to Fed.R.Civ.P. 55(b). Plaintiff also moves for entry of a permanent injunction, and for an award of attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Hulme. See Order dated April 30, 2004.

## Discussion

Upon default, the factual allegations of the complaint are

generally taken as true, except the allegations relating to damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges Hulme (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices[1] in violation of 18 U.S.C. § 2511(1)(a).[2] The complaint also contains more specific allegations as to how Hulme came into possession of two pirate access devices. Complaint, ¶ 12.

Based on these allegations, the court finds Hulme liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold

---

[1] The complaint defines "pirate access devices" as illegally modified DIRECTV access cards and other devices. Complaint at 2.

[2] Plaintiff withdraws the third claim for violation of 18 U.S.C. § 2512(1)(b).

2 - ORDER

judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, resolution on the merits is not possible, because Hulme has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Hulme's non-appearance; and nothing suggests that Hulme's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations. 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Hulme is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for Hulme's violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000 or more than

$10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). A party whose communication is intercepted may recover damages in a civil action. 18 U.S.C. § 2520(a). A court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

Plaintiff submitted evidence that Hulme received equipment necessary to receive plaintiff's encrypted transmissions when he subscribed to DIRECTV in 1997, and that he purchased two "unloopers" with "SU2 Code" on or about April 27, 2001. Sichler Decl., ¶¶ 29, 31. According to plaintiff's witness, an unlooper is designed to restore functionality to illegally modified access cards disabled by misuse or DIRECTV's anti-piracy measures, and DIRECTV is unaware of plausible commercial uses for unloopers. Id., ¶ 30.

From this evidence, plaintiff's witness concludes, "[u]pon all reasonable likelihood, [d]efendant Hulme used the pirate access devices . . . to facilitate the viewing of DIRECT programming without payment." Id., ¶ 32. Because there is no evidence that Hulme used the unloopers to successfully intercept plaintiff's transmissions without authorization or payment, the court declines to award statutory damages.

Plaintiff is entitled to an award of reasonable attorneys'

4 - ORDER

fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $2,830.96, and costs in the amount of $226.80. The attorneys' fee request is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, $180 for Portland attorney Tarbox, admitted in 1999, $125 for paralegal Karnopp, $60 for paralegals McCarthy, $115 for paralegal Ehlert, and $50 for paralegal Zochert. The attorney rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar. Upon review of plaintiff's documentation, the court finds the rates and hours expended to be reasonable, and the requested fee award is allowed.

The cost bill reflects costs expended for the filing fee (prorated), process server, subpoena, photocopying, public records search and long distance telephone charges. These costs

appear reasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#123], and motion for attorney fees and costs [#126] relating to defendant Michael Hulme are granted to the extent provided herein.

Michael Hulme is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Michael Hulme. The judgment shall provide that plaintiff shall take nothing on its claims, and that plaintiff shall recover from Michael Hulme $226.80 in costs, and $2,830.96 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 17th day if October, 2005.

_____
Michael R. Hogan
United States District Judge